UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

                    Plaintiff,

           -against-

IHEART MEDIA; IHEART MUSIC; PACIFIC
INVESTMENT MANAGEMENT CO. LLC;
MEDIA ENT. INVESTMENTS LTD; BLACK
ROCK INC.; THE VANGUARD GROUP,

                    Defendants.

26-CV-2249 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Copyright Act, alleging that Defendants are violating his copyright by reproducing and distributing a song, for which Plaintiff allegedly holds the copyright, without his consent or license. By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reason that follows, the Court directs service on Defendants.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue summonses for Defendants, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  April 7, 2026
        New York, New York

VERNON S. BRODERICK
United States District Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.     iHeart Media
       125 West 55th Street
       New York, NY 10019

2.     iHeart Music
       20880 Stone Oak Parkway
       San Antonio, TX 78248

3.     Pacific Investment Management Co. LLC
       650 Newport Center Drive
       Newport Beach, CA 92660

4.     Media Ent. Investments Ltd.
       71-75 Shelton Street
       Covent Garden
       London, United Kingdom
       WC2H9JQ

5.     Black Rock Inc.
       50 Hudson Yards
       New York, NY 10001

6.     The Vanguard Group
       100 Vanguard Boulevard
       Malvern, PA 19355