USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 8/5/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

Plaintiff,

-against-

IHEART MEDIA, et al.,

Defendants.

26-CV-2249 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of plaintiff's request that the Court provide him with pro bono counsel (Pro Bono Counsel App.) (Dkt. 37), and his related request for an extension of time to obtain counsel (Dkt. 39), supported by his declaration. (Dkt. 38.)

In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "[b]road discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. As a threshold matter, plaintiff must

demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61. Thus, as noted on the application form that plaintiff filled out: "[R]equests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case." Pro Bono Counsel App. at ECF p. 1 (¶ 2). The Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not request that pro bono attorneys be appointed indiscriminately. *Cooper*, 877 F.2d at 172.

Here, defendant iHeartMedia, Inc. (iHeart) has appeared and moved to dismiss plaintiff's complaint (Dkt. 31), but no decision has yet been reached on iHeart's motion. While the Court is sympathetic to plaintiff's financial situation and disability, *see* Pro Bono Counsel App. at ECF pp. 1, 3, a more fully developed analysis of plaintiff's claims will be necessary before it can be determined whether plaintiff's chances of success warrant the appointment of counsel. Accordingly, it is hereby ORDERED that plaintiff's Pro Bono Application is DENIED without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated.

Given plaintiff's ongoing efforts to obtain counsel on his own, and upon his request, *see* Pl. Decl. at ECF p. 2, the Court EXTENDS plaintiff's deadline to respond to iHeart's motion to dismiss (*see* Dkt. 36) to **August 31, 2026**.

The Clerk of Court is respectfully directed to close the motions at Dkts. 37 and 39.

Dated: New York, New York
August 5, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**